1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TAIFUSIN CHIU,                              No.  2:22-cv-0764 KJM AC PS

12              Plaintiff,

13        v.                                     ORDER AND FINDINGS AND
                                                 RECOMMENDATIONS
14   DONALD TRUMP/STORAGE/CHOKE
     ME STORY,
15
                Defendants.
16

17

18        Plaintiff is proceeding in this action pro se.  This matter was referred to the undersigned

19   by E.D. Cal. R.  302(c)(21).  Plaintiff has filed a request for leave to proceed in forma

20   pauperis ("IFP") pursuant to 28 U.S.C. § 1915, and has submitted the affidavit required by that

21   statute.  See 28 U.S.C. § 1915(a)(1).  The motion to proceed IFP will therefore be granted.

22                                    I.  SCREENING

23        A determination that a plaintiff qualifies financially for in forma pauperis status does not

24   complete the inquiry required by the statute.  The federal IFP statute requires federal courts to

25   dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which

26   relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

27   28 U.S.C. § 1915(e)(2).  Plaintiff must assist the court in determining whether or not the

28   complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of

                                            1

1  Civil Procedure ("Fed. R. Civ. P."). Under the Federal Rules of Civil Procedure, the complaint

2  must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the

3  reason the case is filed in this court, rather than in a state court), (2) a short and plain statement

4  showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and

5  (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth

6  simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

7       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

8  Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the

9  court will (1) accept as true all of the factual allegations contained in the complaint, unless they

10 are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the

11 plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von

12 Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert.

13 denied, 564 U.S. 1037 (2011).

14      The court applies the same rules of construction in determining whether the complaint

15 states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court

16 must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must

17 construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a

18 less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520

19 (1972). However, the court need not accept as true conclusory allegations, unreasonable

20 inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618,

21 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice

22 to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal,

23 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must

24 allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at

25 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the

26 court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

27 Iqbal, 556 U.S. at 678.

28 ////

2

1    A pro se litigant is entitled to notice of the deficiencies in the complaint and an

2  opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See

3  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as

4  stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

5                                    II.  THE COMPLAINT

6    The putative 40-page complaint is largely unintelligible.  Though filed as a single

7  document, it consists of several complaints strung together.  No causes of action are identified.

8  The only clear factual allegation is that on May 3, 2022, plaintiff was assaulted by a white male

9  from a storage facility.  ECF No. 1 at 2.  The body of the document alternates between incoherent

10  prose and phrases set out in a manner akin to free verse.  For example, the complaint begins:

11          999 Sextillion Number President Show Down

12          Achievement versus no achievement

13          Restrict versus picky

14          Boundary line versus border line

15          Restrict versus picky on boundary line versus borderline on human rights and law

16          in overall life achievement

17          The President Show Down

18          Sky and land overall life achievement fortune rank bond

19          Medal of Honor vs Purple Heart

20          World debt fighter

21          Free all debt case

22  Id. at 1-2.

23    The following passage is typical of the prose portions of the complaint:

24          He states he going to swing or beat the cramp of me under such a
            spoken and above and beyond and infinite bond of gold and generate
25          each country and all countries and free debt as highest achievement
            and obtain Medal of Honor award.  He violates 0 dots, 0 word, 0
26          number, 0 punctuation mark, and 0 letter.

27  Id. at 3-4.

28    The document concludes with plaintiff's assertion that "I am The President of US, Chiu,

                                          3

1  Taifusin.  I create the bill, sign the bill, pass the bill, win the bill, approve the bill, and winner-

2  take-all system as highest achievement and obtain Medal of Honor." Id. at 40.  Plaintiff states an

3  intention to share a portion of his gambling winnings "with attorney or judge." Id.

### III.  ANALYSIS

5  The complaint does not contain facts that indicate any basis for federal jurisdiction or that

6  support any cognizable legal claim against any defendant.  The undersigned finds that the

7  complaint consists entirely of fanciful and nonsensical allegations with no basis in law and no

8  plausible supporting facts.  Accordingly, the complaint cannot support relief and must be

9  dismissed.  See Neitzke, 490 U.S. at 327; Twombly, 550 U.S. at 570.

10  It is readily apparent that amendment would be futile.  Although leave to amend is

11  generally to be granted with liberality, "[v]alid reasons for denying leave to amend include undue

12  delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan

13  Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath

14  Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall

15  be freely given, the court does not have to allow futile amendments).  Considering the content of

16  the complaint before the court, the undersigned finds that it would be futile to grant plaintiff leave

17  to amend.

### IV.     PRO SE PLAITNIFF'S SUMMARY

19  Your request that the court waive your filing fee is being granted and you will not have to

20  pay the filing fee in this case.  However, because your complaint does not make any legal claim,

21  the undersigned is recommending that your case be dismissed.

### V.  CONCLUSION

23  In accordance with the above, IT IS HEREBY ORDERED that plaintiff's application to

24  proceed in forma pauperis (ECF No. 2), is GRANTED.

25  Further, IT IS HEREBY RECOMMENDED that all claims against all defendants should

26  be DISMISSED with prejudice.

27  These findings and recommendations are submitted to the United States District Judge

28  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

4

1  after being served with these findings and recommendations, plaintiff may file written objections

2  with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

3  and Recommendations."  Plaintiff is advised that failure to file objections within the specified

4  time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153

5  (9th Cir. 1991).

6          IT IS SO ORDERED.

7  DATED: May 11, 2022

8                                              ALLISON CLAIRE
                                               UNITED STATES MAGISTRATE JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28